UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

v.

**RICHARD E. KINSEY, JR.,**                                                    19-CR-237V

                **Defendant.**
───────────────────────────────────

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Richard E. Kinsey, Jr. ("the defendant"), is charged in an indictment with having violated Title 21 U.S.C. §§ 846 and 856(a)(1) (Counts 1 and 2) and Title 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 (Count 3).[1]  Dkt. #13.  He has filed two motions wherein he seeks to suppress the use of evidence seized pursuant to a search warrant (Dkt. #30) and a *Franks* hearing with regard to the validity of the aforesaid search warrant.  Dkt. #67.  The government filed its opposition to the defendant's

---

[1] Originally two additional co-defendants were charged in this indictment but have now entered pleas.

motion to suppress. Dkt. #42. Oral argument on the defendant's motion was heard by this Court and the matter was taken under advisement.

### FACTS[2]

On September 6, 2019[3], Detective Jeremy Maggio of the City of Jamestown Police Department submitted a sworn, written application to the Hon. John L. La Mancuso, Jamestown City Court Judge, wherein he sought a search warrant authorizing the search of a residence located at 320 Newland Avenue, Apartment Number 4, in the City of Jamestown, County of Chautauqua, State of New York. Dkt. #67, pp. 6-9. A review of the handwritten notes of Judge La Mancuso (Dkt. #67, p. 12) establishes that in addition to his written sworn application for the search warrant, Detective Maggio gave oral testimony to Judge La Mancuso, as did another City of Jamestown Police Detective, in further support of the application for the search warrant. Also, Judge La Mancuso's notes indicate that a confidential informant ("CI") appeared before him and gave "testimony" in support of the search warrant application. This "testimony" of the "CI" appears in summarized notations in the Judge's notes. Dkt. #67, p. 12. In essence, the CI testified that he knew the defendant for approximately "1 year" and that on a specific date in September of 2019 at 3:30 a.m., he/she "observed large amounts of meth." Dkt. #67, p. 12. The CI also

---

[2] The facts utilized herein are taken from the filings by the parties and the exhibits attached thereto.
[3] The warrant application is dated September 5, 2019 and the warrant typewritten date is September 5, 2019, but the judge's notes indicate the actual application for the warrant was made on September 6, 2019 and the search warrant was issued on September 6, 2019 at 11:26 a.m. *See* Dkt. #67, pp. 6, 7, 8, 9, 10, 12.

2

testified that the defendant ("subject/Kinsey") sold meth to a party while the "CI" was "present" during the transaction.   Dkt. #67, p. 12.   The "CI" also stated that the defendant "possesse[d] a 46 Glock Pistol, 12 saw (sic) off shotgun" which were "loaded weapons" which the CI "saw."   Dkt. #67, p. 12.

Having heard the testimony of the two detectives and the CI, along with the written sworn application of Detective Maggio, Judge La Mancuso concluded his handwritten notes with the notation:   "Probable Cause Founded, S.W. Issued." Dkt. #67, p. 12.   The search warrant authorizing the search of the "residence located at 320 Newland Avenue, Apartment 4, in the City of Jamestown, County of Chautauqua, State of New York" was issued by Judge La Mancuso on September 6, 2019 at 11:26 a.m.   Dkt. #67, p. 10.   The defendant has acknowledged in an affidavit sworn to July 10, 2020 (Dkt. #66) that Apartment 4 was his residence in the premises located at 320 Newland Avenue, Jamestown, New York at the time the search warrant for that residence was issued and executed.   Dkt. #66, p. 1, ¶s 1 and 2.

Sometime after 11:26 a.m. on September 6, 2019, officers of the City of Jamestown Police Department executed the search warrant authorizing the search of the residence within Apartment 4 located at 320 Newland Avenue, Jamestown, New York which resulted in the finding and seizure of weapons, quantities of methamphetamine, cash, cell phones, several rounds of ammunition, other types of drugs and drug paraphernalia.   See Dkt. #67, p. 11.

3

**DISCUSSION AND ANALYSIS**

    **A.**    **The Validity of the Search Warrant – Probable Cause**

In attacking the validity of the search warrant of September 5, 2019, the defendant argues that: (1) "the warrant was obtained without sufficient reliability of the underlying informants (sic);" (2) that the search warrant was "granted without probable cause;" and (3) "the search of the premises went beyond the scope of the search warrant" [since the search] "included a search of hallway closets."  Dkt. #30, p. 5, ¶s 14, 16, 17.  All of these arguments are rejected as being totally without legal merit.

"In determining what constitutes probable cause to support a search warrant when the warrant is based upon information obtained through the use of a confidential informant, courts assess the information by examining the 'totality of circumstances' bearing upon its reliability."  *United States v. Smith*, 9 F.3d 1007 (2d Cir. 1993), *citing Illinois v. Gates*, 462 U.S. 213, 230-31 (1984) *and Rivera v. United States*, 928 F.2d 592, 602 (2d Cir. 1991).  "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."  *Gate*s, 462 U.S. at 238.  "A

4

magistrate's determination of probable cause should be paid great deference by reviewing courts." *Smith*, 9 F.3d at 1012.  Thus, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.  *Gates*, 462 U.S. at 238-39.  The fact that the confidential informant appeared in person before Judge LaMancuso and testified under oath increased his/her reliability because he/she "runs the greater risk that he [she] may be held accountable if his [/her] information proves false.  *United States v. Gagnon*, 373 F.3d 230, 236 (2d Cir. 2004), *quoting United States v. Salazar*, 945 F.2d 47, 50-51 (2d Cir. 1991); *United States v. Steppello*, 664 F.3d 359, 365 (2d Cir. 2011).

      The reliability of the CI testifying before Judge La Mancuso was further buttressed by the sworn statements of Detective Maggio in the search warrant application wherein he states:

> Detective Maggio, Detective Hooks, Lt. Wozneak, Inv. Gustafson, Det. Pierce, Sgt. Ingrao, Inv. Forsberg along with other members of the Jamestown Metro Drug Task Force have utilized information provided by the Confidential Informant CI # ____, used in this investigation multiple times in the past and have found the information they have provided to be reliable and accurate.  The Confidential Informant # ___ used in this investigation has also participated in multiple police controlled narcotics purchases which have resulted in the arrest and convictions of multiple suspects for the rimes of Criminal Possession of a Controlled Substance 2nd, 3rd, 4th, 5th and 7th as well as Criminally Using Drug Paraphernalia 2nd and the seizure of narcotic drugs.  In addition, the information given by the Confidential Informant, has been corroborated by police surveillance and investigations.  Confidential Informant CI

> # _____ has conducted a controlled buy for the JMDTF and assisted in a federal investigation of a methamphetamine distributer in the Jamestown, NY area.

In claiming that the issuance of the search warrant was invalid because probable cause was lacking, the defendant has failed to provide any factual or legal basis to support his claim.   The defendant has also failed to present a meritorious basis for holding an evidentiary hearing on this claim that Judge La Mancuso lacked sufficient probable cause to issue the search warrant in question.   The defendant's allegations are general in nature without any supporting factual basis.   An argument supported by "[a]iry generalities, conclusory assertions" and inadmissible evidence is insufficient to create a genuine issue of fact necessitating an evidentiary hearing. *United States v. Aiello*, 814 F.2d 109, 113-14 (2d Cir.1987); *United States v. Solano*, 300 Fed. Appx. 83, 85 (2d Cir. 2008). *See also United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992).

> As the Court of Appeals for the Second Circuit stated:

> A plaintiff who argues that a warrant was issued on less than probable cause faces a heavy burden.   "Where [the] circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. . . .   [T]he resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." *United States v. Ventresca*, 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965).   In particular, where the officer requesting the search warrant relies on an informant, the magistrate's role is to examine the totality of the circumstances and to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of

6

> knowledge" of persons supplying hearsay information, there
> is a fair probability that contraband or evidence of a crime
> will be found in a particular place.   And the duty of a
> reviewing court is simply to ensure that the magistrate had a
> "substantial basis for . . . conclud[ing]" that probable cause
> existed.   *Illinois v. Gates,* 462 U.S. 213, 238-39, 103 S.Ct.
> 2317, 2332, 76 L.Ed.2d 527 (1983) (quoting *Jones v. United
> States*, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697
> (1960));  *see United States v. Feliz-Cordero*, 859 F.2d 250,
> 252-53 (2d Cir. 1988).

*Rivera v. United States*, 928 F.2d 592, 602 (2d Cir. 1991).

Lastly, the search of "hallway closets" located in Apartment 4 at the premises located at 320 Newland Avenue, Jamestown, New York was legal as being within the authorized area to be searched set forth in the search warrant,   The Search Warrant of September 6, 2019 expressly authorized a "search of the residence located at 320 Newland Avenue, Apartment 4, in the City of Jamestown, County of Chautauqua, State of New York."   "Warrants must be read in a common sense fashion."   *United States v. Bianco*, 998 F.2d 1112, 1117 (2d Cir. 1993); *United States v. Ventresca*, 380 U.S. 102, 109 (1965).   Obviously, hallway closets within Apartment 4, 320 Newland Avenue were part of the residence and therefore subject to search under the warrant.   As the United States Supreme Court has stated:

> A lawful search of fixed premises generally extends to the
> entire area in which the object of the search may be found
> and is not limited by the possibility that separate acts of entry
> or opening may be required to complete the search.

*United States v. Ross*, 456 U.S. 798, 820-821 (1982).

7

B.     The Defendant's Request for a *Franks* Hearing

In his attorney affirmation (Dkt. #67), defense counsel asserts that "Judge La Mancuso's determination on probable cause was the result of an affidavit made by Jeremy Maggio, an officer of the Jamestown Police Department based on conclusory statements which were either deliberately false, or in reckless disregard for the truth." He further states that "[i]t is possible based on the representations made by the confidential sources that these statements were unreliable."  Dkt. #67, pp. 2-3, ¶s 5 and 6.  In support of this claim, defense counsel avers that "there seems to be no single sentence of truth in the representation of the CI that a Glock handgun was present on the 6th of September;" "nor were 8 ounces or more of methamphetamine existed (sic) on the premises."  Dkt. #67, p. 4, ¶ 12.  This position of defense counsel is erroneous and proven to be such by Judge La Mancuso's notes.  Dkt. #67, p. 12.  The date in September 2019 when the CI observed the Glock weapon as well as a shotgun is blacked out and therefore defense counsel cannot establish that the CI was claiming he saw the weapons on September 6, 2019 at 3:30 a.m.  Secondly, the CI advised the judge that he "observed large amounts of meth" on a date in September 2019 in the defendant's residence, but that specific date is also blacked out, obviously for the purpose of protecting the identity of the CI.  The fact that the Glock weapon was not found at the time of the search of the residence on September 6, 2019 does not establish that it was not there prior to that date or time in September when the CI was

8

present with the defendant in the residence.   The CI reported to Judge La Mancuso that he saw the Glock weapon and methamphetamine in the defendant's residence when he was there at 3:30 a.m. on a date in September 2019.   The search warrant was executed sometime after 11:26 a.m. on September 6, 2019.   See Dkt. #67, p. 10. Anything could have changed between the date and time the CI observed the gun and drugs in the residence and when the officers actually conducted a search of the residence.   However, it is pointed out that the Search Warrant Inventory relating to this search lists a number of weapons as well as 8.9 ounces of methamphetamine, among other things as having been found and seized.   Dkt. #67, p. 11.

The defendant has failed to designate which statements contained in the search warrant application and the notes of Judge La Mancuso are false or made with reckless disregard for the truth.   Defense counsel merely speculates when he states: "It is possible based on the representations made by the confidential sources that their statements were unreliable."   Dkt. #67, p. 3, ¶ 6.   Such speculation does not satisfy the requirements imposed by the Supreme Court to warrant the holding of a *Franks* hearing wherein the Court stated:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine.   There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.   They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons.   Affidavits or sworn or otherwise reliable

9

> statements of witnesses should be furnished, or their
> absence satisfactorily explained. Allegations of negligence
> or innocent mistake are insufficient.

*Franks v. Delaware*, 438 U.S. 154, 171-172 (1978).

As a result, the defendant's request for a *Franks* hearing is denied and it is recommended that his application seeking to suppress the use of evidence seized pursuant to the search warrant of September 6, 2019 be denied in all respects.

## **CONCLUSION**

It is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2)(A), Fed.R.Crim. P. 59, and Local Rule 59.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to

the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59 of the Local Rules for the Western District of New York, "in the event that a party files objections, the specific matters to which the party objects and the manner in which it is claimed that the order is clearly erroneous or contrary to law shall be clearly set out in the objections." **Failure to comply with the provisions of Rule 59, or with the similar provisions of Rule 59 (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.**

DATED:    Buffalo, New York
          October 23, 2020

                                        *S/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**

11